UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN J. OTROMPKE,

                Plaintiff,

-against-

THE FIRST DEPARTMENT COMMITTEE
ON CHARACTER AND FITNESS; THE NEW
YORK BOARD OF LAW EXAMINERS;
"JOHN DOE" PRESIDENT OR CHIEF
EXECUTIVE OF THE NEW YORK BOARD
OF LAW EXAMINERS; LETITIA JAMES,

                Defendants.

22-CV-4676 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

       Plaintiff, who graduated from law school in 2000, filed this action *pro se*.[1] This is his second suit in this Court arising from his efforts to be admitted to the New York bar. Plaintiff's first suit against the Committee on Character and Fitness for the Appellate Division, First Department ("the Committee"), was dismissed without prejudice for lack of standing because Plaintiff had not yet submitted a completed application. *Otrompke v. The First Department Committee on Character and Fitness*, No. 20-CV-3839 (S.D.N.Y.), *aff'd*, *Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221, at *2 (2d Cir. Dec. 6, 2021).

       Plaintiff then filed this action, alleging that he had completed his application for admission to the New York bar and that he anticipated that it would be denied. On July 11, 2022, the Court dismissed the complaint. Plaintiff now brings motions seeking: (1) appointment of pro bono counsel (ECF 9); (2) relief under Rules 59 (e) and 60(b) of the Federal Rules of Civil Procedure (ECF 8-11); (3) a motion to supplement the Rules 59(e) and 60(b) motions (ECF 12-

---

[1] Plaintiff paid the filing fees for this action.

14); and (4) a motion to reopen and extend the time for service of the complaint (ECF 15-16). On September 28, 2022, Plaintiff filed a "motion to argue new precedent." (ECF 17-10). After reviewing the arguments in Plaintiff's submissions, the Court grants the motion to reopen, directs Plaintiff to file an amended complaint that cures the deficiencies in his original complaint, and denies the motion for pro bono counsel.

## DISCUSSION

A.    Motion to Alter or Amend the Judgment under Rule 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff challenges the Court's conclusion that New York's rules for admission to the bar, which impose the burden of showing good moral character on applicants, comport with the Constitution.[2] He argues that one of the cases on which the Court relied, *Konigsberg v. State Bar*

---

[2] In the July 11, 2022 order of dismissal, the Court stated: "The Supreme Court has already held, however, that there is "no constitutional infirmity in New York's statutory requirement that applicants for admission to its Bar must possess 'the character and general fitness requisite for an attorney and counsellor-at-law.'" L. *Students C.R. Rsch. Council, Inc. v. Wadmond*, 401 U.S. 154, 159 (1971); *see also Schware v. Bd. of Bar Exam. of State of N.M.*, 353 U.S. 232, 239 (1957) ("State can require high standards of qualification, such as good moral

2

*of Cal.*, 366 U.S. 36, 40-41 (1961) (holding that "[a]n applicant for admission to the bar bears the burden of proof of 'good moral character'—a requirement whose validity is not, nor could well be, drawn in question"), has been overruled in part.

Plaintiff argues that the Supreme Court's decision in *Baird v. State Bar of Ariz.*, 401 U.S. 1, 7 (1971), casts doubt on *Konigsberg*. In *Baird*, the Supreme Court noted that "[w]hen a State seeks to inquire about an individual's beliefs and associations a heavy burden lies upon it to show that the inquiry is necessary to protect a legitimate state interest." In the context of a bar applicant who declined to answer a question about whether she had ever been a member of the Communist Party, the Supreme Court in *Baird* ultimately held that political "views and beliefs are immune from bar association inquisitions designed to lay a foundation for barring an applicant from the practice of law." *Id.* at 9. The Supreme Court reaffirmed, however, that a state "has a legitimate interest in determining whether petitioner has the qualities of character and the professional competence requisite to the practice of law." *Id.* at 7.

Plaintiff alleged in his complaint that he "associated with some anarchists in December of 2021, . . . and would like to do so again." (ECF 2 at ¶ 44.) Plaintiff has never made, and does not now make, any allegation that the Committee has inquired into his political views.[3] Plaintiff thus fails to show that this is a relevant decision that would alter the Court's conclusion that New

---

character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law."). Moreover, "[a]n applicant for admission to the bar bears the burden of proof of 'good moral character'—a requirement whose validity is not, nor could well be, drawn in question." *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 40-41 (1961)."

[3] He alleges that the Committee requested further information about the "extended time since graduation from law school, [his] employment history, applications for admission to the bar in Wisconsin and Illinois, arrest record, tax debts, and use of false names." (ECF 2 at 6.)

York is entitled to inquire into Plaintiff's qualifications that have a rational connection with an applicant's fitness or capacity to practice law.

Plaintiff also argues this action should be reopened to permit him to address recent case law bearing on the government's moral character assessments. *See Antonyuk v. Bruen*, No. 22-CV-0734, 2022 WL 3999791 (N.D.N.Y. Aug. 31, 2022) (discussing the "good moral character" definition of New York's 2022 Concealed Carry Improvement Act). Plaintiff's complaint was dismissed without leave to replead. In order to afford Plaintiff an opportunity to replead his claims and address the deficiencies in his complaint that were identified in the Court's July 11, 2022 order, the Court grants Plaintiff's motion (ECF 17), vacates the order of dismissal and judgment (ECF 6-7), and directs the Clerk of Court to reopen this action. The Court directs Plaintiff to file an amended complaint, within 30 days of the date of this order, curing the deficiencies of the original complaint.

**B.      Request for Pro Bono Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.[4] *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Here, Plaintiff is attempting to seek admission to the bar, and the nature of his claim suggests that he should be able to present his case without counsel. Moreover, at this stage, Plaintiff has not shown that the merits of his claims warrant seeking pro bono counsel, which is a

---

[4] Plaintiff submitted an application to proceed *in forma pauperis* (ECF 1) but then withdrew it and paid the filing fee for this action.

scarce resource. Accordingly, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

In order to grant Plaintiff an opportunity to replead his claims and address the deficiencies in his complaint that were identified in the Court's July 11, 2022 order, the Court grants Plaintiff's motion (ECF 17), vacates the order of dismissal and judgment (ECF 6-7), and directs the Clerk of Court to reopen this action. The Court directs Plaintiff to file an amended complaint, within 30 days of the date of this order, curing the deficiencies of the original complaint. No summons shall issue until Plaintiff has filed an amended complaint and the Court has reviewed it and directed that summonses issue. Plaintiff's motion for the Court to request pro bono counsel (ECF 9) is denied. The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2022
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge