IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| John J. Otrompke, JD, Plaintiff | ) ) ) | 22 CV 4676 |
| vs. | ) ) ) | Hon. Lorna G. Schofield |
| Acting Presiding Justice Dianne T. Renwick, et al Defendants | ) ) ) | |

### PLAINTIFF'S JOINT LETTER, REPORT FROM FRCP 16 CONFERENCE AND PROPOSED CIVIL CASE MANAGEMENT PLAN

Dear Judge Schofield and Mr. Sutro:

Per the court's directive dated March 21, Plaintiff participated in a phone conference on April 11, with Assistant Attorney General Steven Sutro, who held himself out as representing the regulatory defendants in this case. However, as of this date, Mr. Sutro has not tendered me his proposed draft of the joint letter.

Plaintiff is filing this letter today because he must travel out-of-state on April 15 to visit a close relative receiving end-of-life care in hospice (returning 4/19, with cataract surgery 4/20 and follow-up 4/21). I am emailing a copy of this letter to Mr. Sutro today.

I lack electronic filing authority, and it may be hard to find a print shop where I'm travelling. Additionally, the last time I tried to draft a joint letter with Mr. Sutro, he deceived me by changing the text from what we had agreed upon in our phone call, without telling me. As of Friday, April 14, 2023, we have been unable to agree upon a joint text; therefore, I am submitting these documents myself.

Plaintiff opposes any request for a time extension that Mr. Sutro might make. Additionally, I note that it is impossible to make a timeline at this juncture, because the regulatory defendants have so far refused to waive service.

Unfortunately, not much was accomplished at the FRCP 16 meeting. As of May 14, only one of the 6 defendants has waived service. Mr. Sutro also refused to discuss stipulations as to discovery or settlement, claiming that he intended to file a motion to dismiss (but did not demonstrate the grounds for any such motion).

(1) The principle issues are as follows:

-Whether the character and fitness test has been facially unconstitutional since <u>LSRC v Wadmond</u>, since it places the burden of proof on bar applicants by clear and convincing evidence

1

-Whether <u>Younger v Harris</u> doesn't apply to facially unconstitutional laws as it is patently obvious that this one is. "The federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute. See 401 U.S., at 53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669.

-Whether qualified immunity even applies to personal capacity defendants like Guerrero, since it has been well-established since 1971 that the burden of proof must be on the government in character and fitness cases.

(2) -Jurisdiction exists under 42 USC 1983, provisions of the US Constitution including, ex post facto and bill of attainder clause, Ams. I, V, XIV. Venue is proper because New York law provides that my application must go before the First Department (Manhattan) committee, because at the time of my application I lived out of state.

(4) Defendant intends to file a motion to dismiss, and I intend to file a motion for judgment on the pleadings (but I may file other motions if the proceedings become prolonged).

(5) Defendant has refused to comply with preliminary discovery requirements at this time, such as whether the Committee is aware of whether Constitutional arguments such as plaintiff's have ever been settled by any Committee.

(6) Because the injury in this case has already occurred, Plaintiff states a cause of action for nominal damages as well as potentially lost wages, roughly to the sum of $500,001 or more, assuming the due process violation has lasted since November of 2019.

(7) Plaintiff would like a settlement conference, and would like to learn about the district's mediation program.

(8) Following is a summary of why the injury has already occurred, why the challenged rules are facially Unconstitutional, and why the parties should settle on the reasonable terms I offer.

    The injury has already occurred, because at least 20 months have elapsed since you admit I submitted a complete bar application, without my being offered a due process hearing.

    The reason that the hearing I was offered does not meet due process is that the character and fitness test in the form I experienced it has been unconstitutional since 1971, when <u>LSRC v Wadmond</u> was decided.

    The character and fitness test is facially Unconstitutional because it puts the burden of proof on bar applicants.

    <u>Wadmond</u> makes it clear that the burden of proof must be on the government in these cases. <u>Wadmond</u> approved a law in which "the Rule places upon applicants no burden of proof." Further,

> "If all we had before us were the language of Rule 9406, which seems to require an applicant to furnish proof of his belief in the form of the Government of the United States and of his loyalty to the Government, this would be a different case. For the language of the Rule lends itself to a construction that could raise substantial constitutional questions...as to the burden of proof permissible in such a context under the Due Process Clause of the Fourteenth Amendment[.]"

2

The Wadmond court then refers to Speiser v. Randall, 357 U. S. 513, which held Unconstitutional a law that required veterans prove lack of certain wrongdoing to receive benefits. To paraphrase Justice Douglas' concurrence, "One is presumed innocent until proven guilty."

As I convinced Chief Justice Swain, the previous chief case on character and fitness was Konigsberg II. Konigsberg II did indeed uphold rules like the ones in question, it seems- but it was overruled and replaced by Wadmond.

The two chief cases for character and fitness are therefore Wadmond and Speiser. The only other relevant Supreme Court cases are in the line of stigma plus cases such as Santosky v Kramer and Carery v Piphus. In fact, it is so well-established that the burden of proof must be on the Committees, and there is absolutely no Supreme Court case that says otherwise, that I don't think defendants even enjoy qualified immunity.

Younger itself makes an exception for laws that are patently invalid, as this one is: "the federal court should decline to enjoin the prosecution, absent bad faith, harassment, or a patently invalid state statute. See 401 U.S., at 53-54, 91 S. Ct. 746, 27 L. Ed. 2d 669.

Even if I wanted to, which I don't, I can't proceed in state court because, according to defendants, I don't know where to make my as-applied challenges until the federal courts make a decision about Younger. Participation in an unconstitutional hearing is an injury in itself, no matter the outcome. Additionally, Plaintiff wishes to vindicate the rights of this fellow bar applicants, hundreds of which have their careers illegally aborted every year, under this wildly Unconstitutional law.

Plaintiff hopes to do this either by a consent decree a draft of which he has already tendered to Defendants (attached), or by litigating the nominal damages action for a declaratory judgment. In exchange for the issuance of an attorney's license reasonably promptly, Plaintiff is willing to comply with all reasonable requirements of the Committee, and waive all claims- all claims, that is, except for nominal damages ($1) and declaratory judgment.

For example, if the defendants will reasonably promptly license me, I would be willing to seek counselling for appropriate alcohol use, should that ever be needed. I will also seek to repay back New York state tax, possibly lump sum; and commit to seeking employment immediately upon licensure, rather than working as an independent contractor.

## FRCP 16 CONFERENCE

FRCP 16 (b): Scheduling. It is impossible to compose a timeline for this action because defendants refuse to waive service.

FRCP 16(c)(2): The crux of this matter is very simple: 1. The law has been Unconstitutional since 1971, when Konigsberg II was overruled, because it puts the burden of proof on bar applicants by clear and convincing evidence. 2. Therefore, the Committee has gone at least 21 months without offering me a hearing that comports with due process, which means that the injury has already occurred, and an action lies for at least nominal damages.

FRCP 16(c)2(B): Plaintiff may seek to amend the complaint at least once, pending the outcome of minimal discovery- for example, by withdrawing any references to discrimination against political or religious minorities.

3

If Mr. Sutro will cooperate in simplifying this case, any discovery I seek could be quite minimal. I might even drop any allegations of political and religious discrimination if <u>Anonymous</u> file (complaint para. 49) reveals no evidence of such discrimination. If they will cooperate, perhaps this case could be decided on the briefs.

FRCP 16(c)2(C): Mr. Sutro steadfastly refused to stipulate as to even the most basic matters, such as whether the burden of proof is on the bar applicant by clear and convincing evidence; or whether the Committee or other states (or the National Conference of Bar Examiners) are aware of my argument ever being settled before by legal regulators.

PROPOSED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Mr. Sutro and I did agree on the following: the parties do not seek to proceeds before a magistrate at this time. None of the exceptions to discovery under FRCP 26(a)(1)(B) apply. This case does not fall within any of the categories described in (3).

Mr. Sutro refused to confer about settlement. Plaintiff hopes not to seek any depositions, and would prefer not to require a jury. Plaintiff hopes to proceed without the trial of any adjudicatory facts that would require a "trial," or that such a trial would take no more than 2 days.

Plaintiff submits it is impossible to create a schedule or timeline until the defendants have waived service or been served.

| | |
|---|---|
| John Otrompke<br>PO Box 90<br>NY NY 10276<br>347-736-5179<br>John_Otrompke@yahoo.com | Respectfully submitted,<br><br>S _____<br>John Otrompke |

4