STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8273

April 21, 2023

**By ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:  Otrompke v. The First Department Committee on Character and Fitness, *et al.*,
S.D.N.Y. No. 22-cv-4676

Dear Judge Schofield:

I write in response to the Court's April 18, 2023, Order directing defendants to file a letter in anticipation of the April 26, 2023, conference. (Dkt. No. 52). As noted in my March 17, 2023, letter (Dkt. No. 42), the Office of the Attorney General has not filed an appearance in this action but has tracked the case due to its prior representation on behalf of State defendants in a related action. On March 10, 2023, summonses for the six named defendants were first issued. (Dkt. Entries dated 3/10/23). On April 18, 2023, an additional summons for Dianne Renwick was issued. (Dkt. No. 54). Pursuant to Public Officers Law § 17(2)(c), the Attorney General has a duty to "take the necessary steps…to avoid entry of a default judgment [against a state employee] pending resolution of any question pertaining to the obligation to provide for a defense." Plaintiff *pro se* has informed me that he has mailed Fed. R. Civ. P. 4(d) service waivers to the defendants. On April 3, 2023, Plaintiff filed an executed waiver of service form from defendant John J. McAlary. (Dkt. No. 45). Based on preliminary discussions with some of the named defendants, it is anticipated that the other defendants will waive service as well. Upon completion of service, this Office will evaluate any requests for representation and file a notice of appearance as appropriate.

On Tuesday, April 11, 2023, Plaintiff and I conducted a telephonic Fed. R. Civ. P. 16 conference. Despite our discussions and the Court's directive to file a joint letter and proposed civil case management plan and scheduling order, Plaintiff instead unilaterally filed a letter and proposed civil case management plan and scheduling order on April 14, 2023. (Dkt. Nos. 49, 51). In response, the Court ordered defendants to file a letter to "address any contemplated motions to dismiss, a proposed discovery schedule, and Defendants' willingness to participate in settlement discussions before Magistrate Judge Cott or through the S.D.N.Y. Mediation

Hon. Lorna G. Schofield  
April 21, 2023  

Program….." (Dkt. No. 52).

Based on the procedural history, it is likely that State defendants will seek leave to move to dismiss. This is Plaintiff's second action related to his application for admission to the New York State Bar. His first action (20-cv-3839 S.D.N.Y.) was dismissed initially on July 23, 2020, and the Second Circuit later affirmed on December 6, 2021. *See Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221 (2d Cir. Dec. 6, 2021). This Office represented the First Department Committee on Character and Fitness, the New York Board of Law Examiners, George Anthony Royall, and New York Attorney General Letitia James in the initial action.

In this action, on July 11, 2022, Chief Judge Laura Taylor Swain initially dismissed Plaintiff's claims ("July Order"), and then re-opened this action on October 17, 2022, to provide Plaintiff another opportunity to replead his claims within 30 days subject to conditions specified therein. (Dkt. Nos. 6, 21). In response to that Order, Plaintiff filed a First Amended Complaint and subsequently requested permission to file a Second and Third Amended Complaint. (Dkt. Nos. 27, 28, 31). On March 6, 2023, Chief Judge Swain issued an order allowing this case to move forward with the Third Amended Complaint as the operative complaint. Six summonses were then issued for the six named defendants. (Dkt. Entries dated 3/10/23).

The Third Amended Complaint contains many of the same deficiencies as identified in the July Order, as well as in the dismissal and affirmance orders in the first action. July Order, Dkt. No. 6 at 4-14; *Otrompke v. First Dep't Comm. on Character & Fitness*, No. 20-CV-3839 (LLS), 2020 WL 4287991, at *2-3 (S.D.N.Y. July 23, 2020); *Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221, at *1-2 (2d Cir. Dec. 6, 2021). Specifically, Plaintiff lacks standing to bring his suit as he has not completed the application process, and the doctrine of abstention under *Younger* blocks Plaintiff's challenge to his bar admission proceedings. *Id*. (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Furthermore, Plaintiff has not sufficiently pled that the New York rules imposing the burden of showing good moral character on applicants are unconstitutional. July Order, at 12-14.

Based on the likelihood of moving to dismiss, it is unlikely that State defendants will view settlement discussions before Magistrate Judge Cott or through the S.D.N.Y. Mediation Program as productive. Should this action continue after a decision on a motion to dismiss is issued, the parties can reevaluate the idea of holding such settlement discussions at that time.

Similarly, a stay of discovery is appropriate here. [1] The Court may issue a stay pursuant to Fed. R. Civ. P. 26(c) for "good cause[.]" Fed. R. Civ. P. 26(c). A motion to dismiss can constitute "good cause" to stay discovery. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 85 F.R.D. 69, 72 (S.D.N.Y. 2013). In assessing whether a pending motion is good cause for a stay, courts consider: (1) whether the motion provides "substantial arguments" for dismissal; (2) the undue burden on defendant should discovery proceed; and (3) any prejudice that would result from a stay. *Id.*; *see also Nat'l Rifle Assoc. of Am. v. Cuomo*, No. 18 Civ. 566,

---

[1] The proposed discovery schedule that Plaintiff filed does not provide timeframes or dates, noting that service has not yet been completed or waived as to all defendants. *See* Dkt. No. 49.

2020 WL 7338588 at *2 (N.D.N.Y. Dec. 14, 2020); *N.Y. by James v. P.A. Higher Educ. Assistance Agency*, No. 19 Civ. 9155, 2020 WL 605944 at *1 (S.D.N.Y. Feb. 7, 2020); *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997). A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or does not appear to be without foundation in law. *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations and quotations omitted). As noted, State defendants will likely move to dismiss based on, among other reasons, the issues raised above. In addition to these legal defenses demonstrating good cause for a stay, the burden on defendants to respond to discovery requests in inappropriate given the high potential for dismissal. *See Rivera*, 1997 WL 86394 at *1-2. The summonses in this action were first issued on March 10, 2023, with an additional summons issued on April 18, 2023. Thus, Plaintiff will not be prejudiced by a stay until the potentially dispositive motion is decided. *See P.A. Higher Educ.*, 2020 WL 605944 at *2; *Nat'l Rifle Assoc.*, 2020 WL 7338588 at *4; *Rivera*, 1997 WL 86394 at *1. Should discovery not be stayed, I believe the parties will amicably confer and agree to a discovery schedule.

      Thank You for Your consideration in this matter and I look forward to the scheduled conference.

Respectfully submitted,

/s/_____
Steven A. Sutro
Assistant Attorney General

cc: Plaintiff *pro se*, via ECF and email