Defendants shall file a response, not to exceed three pages, by **August 4, 2023.** So Ordered.

Dated: July 28, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John J. Otrompke, JD, Plaintiff | ) ) ) |
| vs. | ) ) ) |
| Acting Presiding Justice Dianne T. Renwick, et al, Defendants | ) ) ) ) |

22 CV 4676

PLAINTIFF'S OBJECTION TO MAGISTRATE'S RULING ON RECOUPMENT OF SERVICE COSTS PER FRCP 4, MOTION TO WAIVE TRANSCRIPT FEE, AND FOR MORE TIME TO OBJECT

1. Plaintiff objects to Magistrate Judge Cott's July 12 ruling on Plaintiff's Motion to Reconsider his motion to recoup service expenses, because the magistrate adopted the wrong legal standard.

2. Defendants claimed they did not have to pay service fees because they did not "refuse" service.

3. The true test is not whether Defendants "refused" to waive service, but whether a defendant "*fails*, without good cause, to sign and return a waiver requested by a plaintiff[.]" U.S. Engine Prod. v. AGCS Marine Ins. Co., 769 F. Supp. 2d 626 (SDNY 2011), citing FRCP 4(d) (2) (emphasis added). See also Cho v. JS Autoworld 1 Ltd., 97 F. Supp. 3d 351 (EDNY 2015).

4. It is immaterial that the Defendants in these cases may have declined to waive service, because the rule itself contains no requirement, explicit or implicit, that a Defendant refuse service in order for costs to be reimbursed.

5. At the hearing June 7, Judge Cott said that Plaintiff should have sent a letter to the judge requesting permission to have Defendants served.

1

6. Plaintiff did indeed send a letter to the new acting Presiding Justice when he learned her predecessor had been replaced, reminding her that he had sent her a request for waiver.

7. But neither FRCP 4, nor any other case Plaintiff or Defendants have identified, create such a requirement.

8. Indeed, FRCP 4(d)(1)(F) contains no requirement that Defendants "refuse" to waive service but instead requires only that plaintiff "give the defendant a reasonable time of at least 30 days after the request was sent[.]"

9. Plaintiff explained his manner of requesting a service waiver at the June 7 hearing, which was in substantial compliance, and therefore Defendants lacked the "good cause" to fail to exercise their duty to waive service called for by FRCP 4.

10. Plaintiff explained that he had receipts but was unable to upload the receipts on Pacer prior to June 7, because they bear a QR code on them, but he did submit them in hard copy before his Motion to Reconsider.

11. Besides, per this Honorable Court's order of May 30, Defendants should have mentioned the receipts in their letter, which was to "include a statement as to the form and content of any communications between the parties regarding service."

12. Surely Defendants' argument that because they claimed they intended to waive service, then waited until Plaintiff accomplished service, and then they waived it the very next day, is frivolous and abusive.

13. In his order dated, Judge Cott said, "This simply appears to be a case where plaintiff was overeager to move forward with his case, and decided unilaterally to effectuate service even though he had been informed of the waiver by defendants."

14. Plaintiff was not overeager, considering that he gave Defendants 60 days to waive service (between March 9 and May 16), when the rule only requires 30 days.

15. Plaintiff fears the magistrate, who said "we settle cases here" during the June 7 hearing, is engaged in something that has been described as *informal* abstention in the Second Circuit, where abstentions are usually reversed (see *Colorado River Abstention: A Practical Reassessment*, O. Gallogly, 106 Virginia Law Review 199 at 220 (2020), or trying to coerce a settlement, when Plaintiff doesn't even know how to settle this case.

16. Plaintiff acknowledges that LR 6.3 provides that Motions to Reconsider are to be brought within 14 days, but because I am pro se, I did not realize that at the time, and filed it on July 6, which is within 30 days.

17. Plaintiff will be mindful of the 14 day time limit in the future.

18. FRCP 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

19. Because Plaintiff, who is striving to earn a living as a medical journalist, currently has less than $400, with no present journalism assignments nor receivables, Plaintiff requests the court to waive any fee for the transcript, and to give him more time to provide references to the transcript if necessary.

WHEREFORE, Plaintiff, John J. Otrompke, hereby requests this honorable court allow him to grant his motion to recoup service costs and award $48.08, or to extend the time to cite to the transcript for the hearing of, and to waive the transcript costs if necessary.

John Otrompke, JD					Respectfully submitted,
PO Box 90
NY NY 10276
347-475-0561						John Otrompke
John_Otrompke@yahoo.com