UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOHN J. OTROMPKE,                                           :
                                    Plaintiff,              :
                                                            :          22 Civ. 4676 (LGS)
            -against-                                       :
                                                            :                 ORDER
THE FIRST DEPARTMENT COMMITTEE ON                           :
CHARACTER AND FITNESS, et al.,                              :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on June 7, 2023, Magistrate Judge Cott denied Plaintiff's motion for recoupment of service costs. That Order reasoned that Federal Rule of Civil Procedure 4(d)(2)'s provision for the recovery of service costs did not apply because Defendants did not fail to waive service. On July 12, 2023, Judge Cott denied Plaintiff's motion to reconsider that decision. On July 26, 2023, Plaintiff filed an objection to Judge Cott's decisions.

  WHEREAS, an order regarding a motion for recovery of service costs is nondispositive. For objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (internal quotation marks omitted).

  WHEREAS, because Plaintiff is proceeding *pro se*, his submissions are construed liberally to raise the strongest arguments they suggest. *See Saeli v. Chautauqua Cnty., N.Y.*, 36 F.4th 445, 457 (2d Cir. 2022).

WHEREAS, Plaintiff argues that Judge Cott's order is contrary to law because it applies the incorrect standard.  Rule 4(d) allows for the recovery of service costs if a defendant "fails, without good cause, to sign and return a waiver" of service.  The June 7 order states that "[t]he record reflects that defendants did not refuse to waive service . . . [and] [w]aiver forms were provided to plaintiff per Rule 4(d)."  Plaintiff objects that the June 7 order misapplied the standard because it analyzed whether Defendants refused to waive service, rather than if they failed to return a waiver form.  However, the June 7 order states both that waiver forms were provided to Plaintiff and that prior to the forms being provided to Plaintiff, he was on notice that Defendants planned to provide them.  Accordingly, the June 7 order is not contrary to law.

WHEREAS, the July 12 order is also not contrary to law.  That order denied Plaintiff's motion for reconsideration of the June 7 order because Plaintiff did not timely file the motion.  Local Civil Rule 6.3 requires a motion for reconsideration to be served within fourteen days of the determination to be reconsidered.  Plaintiff filed his motion on July 6, 2023, which is twenty-nine days after June 7.  It is hereby

**ORDERED** that Plaintiff's objection to Judge Cott's rulings regarding service costs is **OVERRULED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 97.

Dated: August 7, 2023
       New York, New York

                                LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE