UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOHN J. OTROMPKE,                                           :
                                    Plaintiff,              :
                                                            :      22 Civ. 4676 (LGS)
                  -against-                                 :
                                                            :      ORDER
                                                            :
THE FIRST DEPARTMENT COMMITTEE ON                           :
CHARACTER AND FITNESS, et al.,                              :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff, proceeding *pro se*, moves for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60 of the March 22, 2024, Opinion dismissing this action for lack of subject matter jurisdiction. The Opinion adopted over Plaintiff's objections the relevant portions of the November 8, 2023, Report and Recommendation granting Defendants' motion to dismiss the Third Amended Complaint ("TAC") and denying Plaintiff's motions.

WHEREAS, the factual and procedural history of this action are detailed in the Report and Recommendation, *see generally Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2023 WL 7399840, at *1 (S.D.N.Y. Nov. 8, 2023), and the Opinion adopting its recommendation in relevant part, *see generally Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 1235601, at *1 (S.D.N.Y. Mar. 22, 2024) ("*Otrompke*").

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022).[1] A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez*, 2022 WL 1078436, at *2. Because Plaintiff proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

WHEREAS, under Rule 59(e), a party may move to alter or amend a judgment. The standards governing motions under Rule 59(e) and motions for reconsideration under Local Civil Rule 6.3 "are the same." *Gonzalez v. Tejada*, No. 23 Civ. 9027, 2024 WL 343304, at *2 (S.D.N.Y. Jan. 25, 2024). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

WHEREAS, under Rule 60(a), a court may correct a clerical mistake or a mistake arising from an oversight or omission found in a judgment, order or other part of the record. "However,

a court acting pursuant to Rule 60(a) may not make changes that alter the original meaning of an order to correct a legal or factual error." *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (summary order); *accord Hines v. BMG Rts. Mgmt. (US) LLC*, No. 20 Civ. 3535, 2024 WL 113498, at *4 (S.D.N.Y. Jan. 10, 2024).

WHEREAS, under Rule 60(b), a party may move for relief from a final judgment, order or proceeding based on several specified circumstances, including newly discovered evidence, mistakes or "any other reason that justifies relief." "Motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit." *United States v. Valles*, No. 19 Crim. 672, 2024 WL 1433708, at *2 (S.D.N.Y. Apr. 3, 2024). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *accord Greer v. Mehiel*, No. 19-326-CV, 2020 WL 1280679, at *3 (2d Cir. Mar. 17, 2020) (summary order).

WHEREAS, Plaintiff's motion is denied because he does not identify any clerical error, mistake, change of controlling law, availability of new evidence, need to correct a clear error or prevent injustice, exceptional circumstances or any other basis for relief under Rules 59 and 60.

WHEREAS, Plaintiff argues that the March 22, 2024, Opinion "overlooked the rule that '[o]n a motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.'" (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). Plaintiff first argues that the Opinion violated this rule when it stated, "it is unclear what law is alleged to be facially invalid and whether it even exists," *see Otrompke*, 2024 WL 1235601, at *3, rather than crediting Plaintiffs "colorable allegations in paragraphs 5 and 11 that the law does exist." Plaintiff's argument is unavailing because the Opinion properly accepted as true the factual allegations in the TAC.

Paragraphs 5 and 11 of the TAC both refer to a "notice of hearing" sent to Plaintiff by the First Department Commission on Character and Fitness; when stating that the TAC lacked clarity regarding which law it alleged to be facially invalid, the Opinion discussed the notice of hearing and quoted paragraph 11 of the TAC. *See id.* In addition, the Opinion explicitly included an alternative holding crediting Plaintiff's allegation that the law exists and nonetheless dismissing the action for lack of standing. The Opinion stated that Plaintiff lacks standing even "if [the law] does exist" because "it has not been applied to Plaintiff because he has not participated in any hearing and no decision has been made that he failed to satisfy any burden." *Id.*

      WHEREAS, Plaintiff also argues that the Opinion failed to accept as true facts alleged in the TAC when the Opinion stated that "[a]ny alleged injury resulting from delay in the hearing process is traceable to" Plaintiff. *See id.* at *6. Plaintiff's argument again is unavailing because the Opinion properly accepted the facts in the TAC regarding delay in Plaintiff's application. The Opinion quoted from the TAC regarding postponement of the hearing. *See id.* In addition, the Opinion extensively addressed and rejected Plaintiff's arguments regarding any injury from delay, including by stating that Plaintiff lacks standing even if his refusal to participate in the hearing was based on the alleged constitutional violations. *See id.* at *6.

      WHEREAS, Plaintiff next argues that reconsideration is necessary because "the court [did] not address Supreme Court law that says Plaintiff must know what the evidentiary standard is before the proceeding begins" under *Santosky v. Kramer*, 455 U.S. 745, 757 (1982). However, the Opinion addressed and rejected Plaintiff's reliance on *Santosky*. As the Opinion states, "*Santosky* did not address standing . . . . Standing was not an issue because the petitioners had suffered a clear injury-in-fact; their children had been taken from them by the State, and after a hearing, a Family Court Judge had ordered permanent termination of the parents' custody."

*Otrompke*, 2024 WL 1235601, at *4.  Plaintiff himself recognizes elsewhere in his reconsideration papers that "the Court addresses Plaintiff's jurisdictional arguments from *Santosky v. Kramer*."

WHEREAS, Plaintiff argues that Defendants waived the argument that *Santosky* is inapposite here.  Plaintiff's argument is incorrect because the issue of standing cannot be waived and therefore whether Defendants raised the precise standing argument adopted in the Opinion is immaterial.  Federal courts have an "independent obligation to examine subject matter jurisdiction."  *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *accord Abramov v. I.C. Sys., Inc.*, 65 F. Supp. 3d 323, 325 (E.D.N.Y. 2014).  For that reason, "the question of standing is not subject to waiver."  *Lebron v. Nat'l R.R. Passenger Corp. (Amtrak)*, 69 F.3d 650, 659 (2d Cir. 1995); *accord Lopez v. Martha's Cocina Mexicana, LLC*, No. 23 Civ. 2053, 2023 WL 9603828, at *12 (E.D.N.Y. Dec. 27, 2023).  If a plaintiff lacks standing, a federal court lacks authority to adjudicate the merits and must dismiss the case.  *See Fac., Alumni, and Students Opposed to Racial Preferences v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) ("*Fac*").  Here, the Opinion held that Plaintiff lacked standing and dismissal therefore was necessary.  The caselaw Plaintiff cites concerning the doctrine of exhaustion is inapposite because "[t]he inquiries" into exhaustion and Article III standing "are distinct."  *Ahmed v. Cissna*, 327 F. Supp. 3d 650, 666 (S.D.N.Y. 2018), *aff'd sub nom. Ahmed v. Cuccinelli*, 792 F. App'x 908 (2d Cir. 2020).  To the extent Plaintiff's discussion of exhaustion is intended to renew his argument that his Bar application is futile or that he suffers an injury-in-fact from the application process itself, Plaintiff has failed to make the required showing for the reasons stated in the Opinion.  *See Otrompke*, 2024 WL 1235601, at *5.

WHEREAS, Plaintiff also argues that "[t]he court addresses but does not explicitly

5

decide the issue of pro se solicitude," "instead" stating that "the court considers all of Plaintiff's arguments, 'both timely and untimely.'" Plaintiff, as a pro se litigant, was accorded the appropriate solicitude both in the Opinion and in this Order. Plaintiff's several untimely objections to the Report were considered for that reason. *See id.* at *1 ("This Opinion considers all objections . . . , both timely and untimely."). Despite Plaintiff's argument to the contrary, according solicitude to a pro se plaintiff does not require that a court apply inapposite caselaw or reach merits issues where no jurisdiction exists. As explained above, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477.

WHEREAS, finally, Plaintiff argues in his letter brief in reply that reconsideration is appropriate because Plaintiff "asserts jus tertii standing on the basis of alleged past censorship." "Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017). Even considering this argument, it fails to justify reconsideration because the Opinion addressed and rejected Plaintiff's arguments concerning third-party standing and alleged censorship. *See Otrompke*, 2024 WL 1235601, at *3-4.

WHEREAS, the motion for reconsideration also is denied on the merits. Plaintiff lacks standing to assert his claims because Plaintiff has failed to show that he suffered a legally cognizable injury-in-fact sufficient to confer standing. To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact," which is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Fac.*, 11 F.4th at 75. Plaintiff has not participated in a hearing, and no decision has been made that he failed to satisfy any burden of proof. As

stated in the Opinion, any injury here is "conjectural and hypothetical" rather than "actual or imminent." *Otrompke*, 2024 WL 1235601, at *3. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 117.

Dated: August 6, 2024
      New York, New York

                                                  LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE