UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOHN J. OTROMPKE,                                           :
                          Plaintiff,                        :
                                                            :   22 Civ. 4676 (LGS)
            -against-                                       :
                                                            :   ORDER
THE FIRST DEPARTMENT COMMITTEE ON                           :
CHARACTER AND FITNESS, et al.,                              :
                          Defendants.                       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff, proceeding *pro se*, moves for reconsideration (the "Second Reconsideration Motion") pursuant to Federal Rules of Civil Procedure 59 and 60 of the August 6, 2024, Opinion and Order (the "First Reconsideration Opinion") denying Plaintiff's motion for reconsideration of the March 22, 2024, Opinion (the "Motion to Dismiss Opinion") dismissing this action for lack of subject matter jurisdiction.

WHEREAS, the factual and procedural history of this action are detailed in the Report and Recommendation, *see generally Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2023 WL 7399840, at *1 (S.D.N.Y. Nov. 8, 2023), and the Opinion adopting its recommendation in relevant part, *see generally Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 1235601, at *1 (S.D.N.Y. Mar. 22, 2024).

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *accord Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez*, 2022 WL 1078436, at *2. Because Plaintiff proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

WHEREAS, under Rule 59(e), a party may move to alter or amend a judgment. The standards governing motions under Rule 59(e) and motions for reconsideration under Local Civil Rule 6.3 "are the same." *Gonzalez v. Tejada*, No. 23 Civ. 9027, 2024 WL 343304, at *2 (S.D.N.Y. Jan. 25, 2024). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

WHEREAS, under Rule 60(a), a court may correct a clerical mistake or a mistake arising from an oversight or omission found in a judgment, order or other part of the record. "However,

a court acting pursuant to Rule 60(a) may not make changes that alter the original meaning of an order to correct a legal or factual error." *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (summary order); *accord Hines v. BMG Rts. Mgmt. (US) LLC*, No. 20 Civ. 3535, 2024 WL 113498, at *4 (S.D.N.Y. Jan. 10, 2024).

WHEREAS, under Rule 60(b), a party may move for relief from a final judgment, order or proceeding based on several specified circumstances, including newly discovered evidence, mistakes or "any other reason that justifies relief." "Motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit." *United States v. Valles*, No. 19 Cr. 672, 2024 WL 1433708, at *2 (S.D.N.Y. Apr. 3, 2024). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *accord Greer v. Mehiel*, No. 19-326-CV, 2020 WL 1280679, at *3 (2d Cir. Mar. 17, 2020) (summary order).

WHEREAS, Plaintiff's Second Reconsideration Motion is denied because he does not identify any clerical error, mistake, change of controlling law, availability of new evidence, need to correct a clear error or prevent injustice, exceptional circumstances or any other basis for relief under Rules 59 and 60.

WHEREAS, Plaintiff argues that reconsideration is warranted because the First Reconsideration Opinion "did not address *Matthews v. Eldridge*, 424 U.S. 319 (1976), which . . . [states] that Plaintiff need not have participated in any hearing to establish standing." Plaintiff's argument is unavailing because neither the Motion to Dismiss Opinion nor the First Reconsideration Opinion found that Plaintiff lacked standing solely because he did not participate in a hearing; the Court also found that Plaintiff lacked standing because he failed to show that any "decision applying a burden of proof has been made on his Bar application" or

3

that his Bar application has been denied.  In addition, the Court already considered the relevance of *Eldridge* when Plaintiff raised it in his opposition to Defendants' motion to dismiss.  To the extent Plaintiff is arguing that the requirement that he exhaust administrative remedies was "waivable" under *Eldridge*, such argument was already presented in Plaintiff's first motion for reconsideration, and any new arguments regarding that issue are raised inappropriately in the context of a second motion for reconsideration.  *See Banister*, 140 S. Ct. at 1703 ("[C]ourts will not address new arguments or evidence [in a motion for reconsideration] that the moving party could have raised before the decision issued.").  Moreover, any argument Plaintiff is raising regarding standing to challenge a facially invalid rule was already addressed in the First Reconsideration Opinion, which held that Plaintiff lacked standing to challenge any allegedly invalid rule because Plaintiff failed to allege an injury-in-fact or futility of a proceeding before Defendants.

WHEREAS, Plaintiff argues that the First Reconsideration Opinion misapplied *Ahmed v. Cissna*, 327 F. Supp. 3d 650, 666 (S.D.N.Y. 2018), *aff'd sub nom. Ahmed v. Cuccinelli*, 792 F. App'x 908 (2d Cir. 2020), because "the district court in *Ahmed* concluded that the plaintiff in that case actually had standing."  This argument is unavailing because the First Reconsideration Opinion cited *Ahmed* for the proposition that "[t]he inquiries into exhaustion and Article III standing are distinct."  Plaintiff further argues that *Ahmed* should be "interpreted in [his] favor" because the Second Circuit affirmed the district court's holding that the plaintiff's claims were not ripe.  However, that particular ruling regarding ripeness has no bearing on the First Reconsideration Opinion's conclusion that Plaintiff has not alleged an injury-in-fact.

WHEREAS, Plaintiff argues that the Court failed to address the argument that "Plaintiff's interest in continuing to quaff alcoholic beverages renders proceeding before the committee

4

under an unconstitutional evidentiary standard futile." To the extent Plaintiff is arguing that his Bar application is futile, the Court expressly considered that issue in its Motion to Dismiss Opinion and found that Plaintiff failed to show futility that he would be denied his Bar license. Any new arguments regarding futility that Plaintiff is attempting to raise in a second motion for reconsideration will not be considered. *See Banister*, 140 S. Ct. at 1703.

WHEREAS, the Court has considered Plaintiff's additional arguments, both in direct support of the Second Reconsideration Motion and in reply, and found them to be without merit. It is hereby

**ORDERED** that Plaintiff's Second Reconsideration Motion is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 126 and 127.

Dated: December 5, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE